[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11913
Non-Argument Calendar

_____

D. C. Docket No. 07-00197-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DAVIS TENNIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 28, 2009)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Michael Davis Tennis appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Specifically, he appeals the district court's denial of his motion to suppress all evidence and statements obtained as a result of the police's warrantless entry into his apartment. Tennis argues the police violated his Fourth Amendment rights because they did not face exigent circumstances or have probable cause to believe immediate entry was necessary to render emergency assistance to an injured occupant or to protect an occupant from imminent injury.

We review a district court's denial of a motion to suppress evidence as a mixed question of law and fact. *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002). We review the district court's findings of fact for clear error and its application of the law *de novo. Id.* The district court's choice between two permissible views of evidence cannot be clear error. *United States v. Ndiaye*, 434 F.3d 1270, 1305 (11th Cir. 2006). We construe the facts in the light most favorable to the prevailing party below, which, in this case is the government. *Holloway*, 290 F.3d at 1334.

The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend.

2

IV.  "Under the Fourth Amendment, searches and seizures 'inside a home without a warrant are presumptively unreasonable.'"  *United States v. Davis*, 313 F.3d 1300, 1302 (11th Cir. 2002) (quoting *Payton v. New York*, 100 S. Ct. 1371, 1380 (1980)).  However, a warrantless search or seizure of a home may be justified "where both probable cause and exigent circumstances exist."  *Id.*  The government bears the burden of proving an exception to the warrant requirement.  *Holloway*, 290 F.3d at 1337.

The exigent circumstances doctrine applies only when there is a compelling need for official action, but no time for law enforcement to secure a warrant.  *Id.* at 1334.  The exigent circumstances doctrine extends to situations involving "danger of flight or escape, loss or destruction of evidence, risk of harm to the public or the police, mobility of a vehicle, and hot pursuit."  *Id.*  The doctrine also extends to "emergency situations involving endangerment to life."  *Id*. at 1337.  Under the endangerment-to-life exception, "law enforcement officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury."  *Brigham City v. Stuart*, 126 S. Ct. 1943, 1947 (2006).

In emergencies, probable cause exists when "officers reasonably believe a person is in danger."  *Holloway*, 290 F.3d at 1338.  "An action is 'reasonable'

3

under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed *objectively*, justify the action.'" *Brigham City*, 126 S. Ct. at 1948 (quotation and alteration omitted). "The officer's subjective motivation is irrelevant." *Id.*

Officer Ronnie Marshall received a call from a dispatcher around 5:00 a.m. on October 10, 2006, to respond to a disturbance call. Corporal Jeremy Anderson, riding in a separate patrol call, also responded. When both officers approached the apartment door, they noticed the window to the left of the door was broken and a security camera was over the right of the door. They heard sounds of yelling and hollering inside the residence. The officers knocked on the door and Tennis came to the window. They asked Tennis for identification and to ask what was going on in the apartment. Tennis told them he had lost his keys and he had to break into his apartment. Tennis was agitated and visibly impaired. He also muttered something about having, or having had, an argument with his girlfriend. The officers could not see the girlfriend to whom Tennis was referring.

When asked for identification, Tennis turned and went back into the apartment. Corporal Anderson entered the apartment after Tennis refused to stop and come back to the officers. Officer Marshall followed Corporal Anderson into the apartment and stopped at the entrance to the hallway so he could view all the

4

doors and watch what was going on. Officer Marshall testified he and Corporal Anderson entered the residence was because Tennis did not stop, they did not know whether Tennis resided in the apartment, they were not sure why he would not come back to them, and they did not know if something else was going on in the apartment. Officer Marshall also testified they needed to enter the apartment under the circumstances because Tennis had said he was mad at his girlfriend and they did not know if she was in there or if she was hurt.

The district court accepted the testimony of the witnesses as credible and accurate and found the conflicts in the testimonies were not particularly material. Officer Marshall testified Tennis was told to stop, did not stop, and proceeded toward a hallway. Corporal Anderson testified he did not hear the order to stop, did not remember the order to stop, and acknowledged maybe the order to stop was not given. In the face of this conflicting testimony, the district court stated "I will accept the testimony of the officer who said that it did happen."

The district court, relying on *Holloway*, 290 F.3d at 1331, found the officers were reasonable in their assumptions and in their actions to enter the apartment and had exigent circumstances to do so. The district court found the agitated and impaired state of Tennis, the noises the officers heard emanating from the apartment, and the fact Tennis said he had an argument with his girlfriend

5

compelled a reasonable officer to conclude there was "something wrong going on in the apartment, and certainly that someone in the apartment, including the officers on the outside of the apartment, could be in danger."

The district court did not clearly err in its factual finding. Additionally, based on a review of the record, exigent circumstances and probable cause existed to support the officers' warrantless entry. Under the circumstances, a reasonable officer could have believed another unseen person was inside Tennis's apartment, and the person was injured or about to be injured. Therefore, we affirm Tennis's conviction.

**AFFIRMED.**